UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Brough,                          Case No. 3:24-cv-38

         Plaintiff,

     v.                                  MEMORANDUM OPINION
                                           AND ORDER

United States Department of Agriculture, *et al.*,

         Defendants.

## I.     INTRODUCTION

Plaintiff Jessica Brough filed suit against her former employer, the United States Department of Agriculture ("USDA"), and her former supervisor, Jodi Bolen.[1]  (Doc. Nos. 1 and 16).  Brough asserts seven claims for relief: (1) discrimination on the basis of disability in violation of the Rehabilitation Act against the USDA; (2) interference and retaliation in violation of the Rehabilitation Act against the USDA; (3) failure to accommodate in violation of the Rehabilitation Act against USDA; (4) violation of the Age Discrimination in Employment Act ("ADEA") against the USDA; (5) retaliation against Bolen; (6) violation of constitutional and civil rights pursuant to 42 U.S.C. § 1983 against Bolen; and (7) interference with Brough's rights under the Family and Medical Leave Act ("FMLA").

---

[1] Brough named the then-current Secretary of the Department of Agriculture, Thomas Vilsack, as a defendant.  The Clerk of Court shall update the docket to reflect that Brooke Rollins is the current Secretary of that department.  Fed. R. Civ. P. 25(d).

Defendants moved to dismiss Counts IV through VII, which contain Brough's ADEA and FMLA claims, as well as all claims against Bolen. (Doc. No. 20). Brough filed a brief in response, (Doc. No. 23), and Defendants filed a brief in reply. (Doc. No. 24). In her response brief, Brough agreed to voluntarily dismiss her FMLA claim (Count VII) as well as all claims against Bolen. Thus, all that remains in dispute for purposes of this motion is Brough's ADEA claim against the USDA found in Count IV. For the reasons stated below, I conclude the USDA is entitled to judgment as a matter of law as to Count IV and grant Defendants' motion.

## II. BACKGROUND

In 1999, Brough began working in the USDA's office in Oak Harbor, Ohio, eventually becoming the "key program technician for disaster programs in the State of Ohio." (Doc. No. 16 at 3). Bolen was Brough's supervisor from 2004 until July 31, 2021, when Bolen retired. (*Id.*).

Brough alleges that, beginning around January 2019, Bolen made "numerous age-related comments about Ms. Brough's ability and knowledge." (*Id.* at 4). Brough considered filing a claim with the Equal Employment Opportunity Commission in December 2020 and January 2021, but Bolen allegedly dissuaded her from doing so. (*Id.* at 5). Brough subsequently filed an EEOC claim in the fall of 2021, after numerous incidents in which Bolen allegedly discriminated against her due to Brough's disability and other medical concerns. (*Id.* at 5-6).

## III. STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

When a Rule 12(b)(6) motion includes matters outside of the pleadings, a court must either exclude those matters or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). *See also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) ("A district court can enter summary judgment *sua sponte* in certain circumstances[, such as when the] . . . court considers materials outside of the pleadings when ruling on a motion to dismiss brough under Rule 12(b)(6)."). If the court converts the motion to one for summary judgment, all parties must have an opportunity to present all relevant materials. Fed. R. Civ. P. 12(d). Whether the court must provide specific notice of conversion before ruling on summary judgment "'depends upon the facts and circumstances of each case.'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (quoting *Salehpour,* 159 F.3d at 204).

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV. DISCUSSION

On July 24, 2024, Defendants filed their motion to dismiss and attached several documents, including a declaration from an administrative officer with the USDA and an excerpt from the transcript of Brough's deposition before the EEOC. (*See* Doc. Nos. 20-1 and 20-2). The following day, Defendants filed what they described as a "supplemental brief."[2] (Doc. No. 21). Defendants corrected their initial, erroneous assertion that Brough was not yet 40 years old at the time of the alleged age discrimination but argued Brough nonetheless failed to state a claim for age discrimination. (*Id.*). Defendants also attached an additional deposition transcript excerpt to that brief. (Doc. No. 21-1).

Brough requested an extension of the deadline by which she was required to respond to the motion to dismiss, (Doc. No. 22), which I granted. (*See* non-document order dated August 15, 2024). But when Brough filed her response brief, she addressed only Defendants' age-related arguments raised in their initial brief and did not acknowledge Defendants' supplemental filing. (*See* Doc. No. 23 at 7-8). She also did not object to the matters outside the pleadings upon which Defendants relied. Defendants then filed a brief in reply to Brough's response, noting that Brough only discussed Defendants' since-corrected error concerning Brough's age and reiterating its argument that Brough does not have a valid ADEA claim. (Doc. No. 24).

While the Amended Complaint references Brough's EEOC filing, it does not offer any details about what occurred during those proceedings. And Defendants have not suggested a basis upon which I might conclude that the documents they offer may be considered at the motion to

---

[2] While Defendants label their filing as a "supplemental brief," it is in effect a supplemental motion, as it propounds a new basis for relief. This filing also came after the deadline for Defendants to respond to the Amended Complaint. It is unclear why Defendants did not seek leave to file this additional document, whether characterized as a supplemental brief or as a motion. But I conclude, in the interests of judicial economy, that I may consider Defendants' additional filing in analyzing Brough's ADEA claim.

dismiss stage. Therefore, I must either exclude those documents from consideration at the Rule 12 stage or convert the motion to one for summary judgment.

I conclude it is appropriate to convert Defendants' motion to dismiss into a motion for summary judgment because Brough's sworn testimony during the EEOC proceedings disproves the allegations in the Amended Complaint and is dispositive of her ADEA claim under controlling Supreme Court precedent. I need not provide specific notice of conversion before ruling on this as a motion for summary judgment because Brough cannot reasonably claim to be surprised by the conversion of Defendants' motion. She was on notice that Defendants sought to rely on the deposition transcript excerpts by way of two separate filings on the public docket and has not offered any objection to my consideration of those documents. Moreover, this is not a circumstance in which Defendants seek to rely on their own view of the facts in support of their motion. *Cf. Dale v. Hahn*, 440 F.2d 633, 638 (2nd Cir. 1971) (reversing district court's entry of judgment in favor of defendants based on defendants' affidavits alone). Instead, Defendants rely on Brough's own statements to demonstrate that her ADEA claim lacks merit.

The ADEA prohibits an employer from discriminating against an employee because of that employee's age. 29 U.S.C. § 623(a)(1). To state a plausible claim for age discrimination, Brough must allege facts that show she was over the age of 40 when she suffered an adverse employment action and was replaced by or treated differently than a similarly situated individual outside of the protected class. *Policastro v. Nw. Airlines, Inc.*, 297 F.3d 535, 538-39 (6th Cir. 2002).

Brough's claim quickly encounters choppy waters. According to the Amended Complaint, Brough "was born on February 14, 1963," and was 57 years old at the time of filing. (Doc. No. 16 at 17). But according to Brough herself, she was born in November 1978. (Doc. No. 20-2 at 4).

Things do not improve from there. According to the Amended Complaint, Brough was "systematically targeted and placed on labor intensive assignments, while younger less experienced

5

employees" were given more favorable assignments and were promoted at a faster rate. (Doc. No. 16 at 17-18). As I noted above, the Amended Complaint also alleges Bolen made "numerous age-related comments about Ms. Brough's ability and knowledge." (Doc. No. 16 at 4).

But, according to Brough, there were no younger employees; Brough testified she "was the youngest in the office." (Doc. No. 21-1 at 7). As for the age-related comments, Brough stated most of those comments "were from . . . Bolen about me being too young to know any better." (*Id.* at 6-7).

While Brough falls within the ADEA's protected class, her testimony about the age demographics of her former office is dispositive of her claim. The Supreme Court has held the ADEA "forbid[s] only discrimination preferring young to old." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 593 (2004); *see also id.* at 591-92 ("[T]he 40–year threshold makes sense as identifying a class requiring protection against preference for their juniors, not as defining a class that might be threatened by favoritism toward seniors."). Because the ADEA "does not mean to stop an employer from favoring an older employee over a younger one," *id.* at 600, Brough has no claim here. I conclude Defendants are entitled to judgment as a matter of law as to her ADEA claim.

## V. CONCLUSION

For the reasons stated above, I accept Brough's notice of voluntary dismissal as to Counts V, VI, and VII and dismiss those claims with prejudice pursuant to Federal Rule of Civil Procedure 21. Further, I convert Defendants' motion to dismiss into a motion for summary judgment as to Count IV and grant that motion. (Doc. No. 20). Counts I through III of the Amended Complaint remain against the USDA.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge