UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Brough,

Plaintiff,

v.

United States Department of Agriculture, *et al.*,

Defendants.

Case No. 3:24-cv-38

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiff Jessica Brough filed suit against her former employer, the United States Department of Agriculture ("USDA"), and her former supervisor, Jodi Bolen, asserting claims for relief arising out of Brough's employment and subsequent termination from her program technician position at the USDA's office in Oak Harbor, Ohio. (Doc. No. 16). I previously dismissed Brough's claims for age discrimination and violation of the Family and Medical Leave Act against the USDA as well as each of her claims against Bolen. (Doc. No. 25).

In February 2026, the parties certified a discovery dispute to me pursuant to Rule 37.1 of the Local Rules after they were unable to agree on whether certain information in USDA records could be disclosed in discovery. I held a status hearing during which counsel offered oral argument in support of their respective positions. (*See* Doc. No. 44). And the parties subsequently submitted a joint letter and supporting documentation to my chambers by email.

Brough seeks an order requiring the USDA to produce mailing addresses for six farmers who allegedly made complaints about Brough and her work performance during her employment,

after Bolen testified during her deposition about those individuals and complaints. Brough contends she should be able to issue subpoenas to depose these potential witnesses because part of her theory of this case is that the USDA used alleged performance concerns as a cover for its discriminatory treatment of her, including blocking her from participating in a management training program.

The USDA argues the farmers' addresses are shielded from disclosure by the Privacy Act and that the farmers' complaints are not relevant to this litigation because the USDA did not consider those complaints when it terminated Brough's employment.

## II. Discussion

Section 8791 provides that "[e]xcept as provided in paragraphs (3) and (4), the Secretary, any officer or employee of the Department of Agriculture, or any contractor or cooperator of the Department, shall not disclose--

> (A) information provided by an agricultural producer or owner of agricultural land concerning the agricultural operation, farming or conservation practices, or the land itself, in order to participate in programs of the Department; or
>
> (B) geospatial information otherwise maintained by the Secretary about agricultural land or operations for which information described in subparagraph (A) is provided.

7 U.S.C. § 8791(b)(2). The USDA asserts, and Brough does not dispute, that the phrase "geospatial information" encompasses street addresses. In the government's view, this resolves the question of whether Brough may obtain the farmers' addresses.

But, as Brough points out, there are certain statutory exceptions to what otherwise appears to be a blanket prohibition on disclosure. The Privacy Act, 5 U.S.C. § 552a, states in pertinent part that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(12). The United States Court of Appeals for the District of Columbia Circuit considers it "well-settled . . . that general statutory bans on publication do not bar limited disclosure in judicial proceedings, including court-supervised

discovery." *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) (citing *Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1343-44 (D.C. Cir. 1984), and *Freeman v. Seligson,* 405 F.2d 1326, 1348-52 (D.C. Cir. 1968)). Further, "[t]here is 'no basis for inferring that the statute replaces the usual discovery standards of the [Federal Rules of Civil Procedure] – in particular, Rules 26 and 45(b) – with a different and higher standard.'" *Foreman v. United States*, No. 2:22-CV-10401, 2023 WL 5835195, at *2 (E.D. Mich. July 20, 2023) (quoting *Laxalt*, 809 F.2d at 888).

Rule 26 generally provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

As I noted above, the USDA contends it should not be required to produce the farmers' addresses because the farmers' complaints did not play a role in Brough's termination and therefore, their testimony is not relevant to whether the USDA discriminated against Plaintiff because of her disability. But Brough alleges that the farmers' complaints were used as a basis for the USDA to open an investigation into her work performance and that that investigation ultimately led the USDA to revoke Brough's ability to telework, which she alleges she was permitted to do as a reasonable accommodation for her disability. (Doc. No. 16 at 5-8, 15-16). Therefore, I conclude the farmers' testimony is relevant to Brough's failure to accommodate claim because "there is [a] possibility that the information sought may bear on a claim or defense of any party." *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 292 (W.D. Ky. 2025) (citing *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007)).

As other courts have observed, the Privacy Act retains some application in the discovery of materials subject to the Act. *See, e.g., Tidwell v. Brennan*, No. 1:14-cv-553, 2015 WL 4092771, at *2

(S.D. Ohio July 6, 2015) (citing cases). Therefore, I hereby order the USDA to disclose the addresses of the six farmers identified during Bolen's deposition for the purpose of permitting Brough to issue subpoenas to those individuals and subject to an attorney-eyes-only designation.

## III. CONCLUSION

For the reasons stated above, I order Defendant the United States Department of Agriculture to disclose, for attorney-eyes-only, the addresses of the six farmers.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge